UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALPHA COMM ENTERPRISES, INC.,

    Plaintiff,

v.                                          Case No. 6:13-cv-1379-Orl-37DAB

THE NEXT VISION, INC.,

    Defendant.

## ORDER

This cause is before the Court on the following:

1. Order to Show Cause (Doc. 23), filed December 31, 2013;

2. Joint Stipulated Motion for Relief from In-Person Requirement for Case Management Meeting (Doc. 24), filed January 7, 2014;

3. Case Management Report (Doc. 25), filed January 7, 2014; and

4. Plaintiff's Response to Order to Show Cause [Dkt. No. 23] (Doc. 26), filed January 8, 2014.

Upon consideration, the Court finds that the parties' joint motion for relief (Doc. 24) is due to be granted, and the Court's Order to Show Cause is due to be discharged.

At this early stage of the case, the Court takes this opportunity to remind the parties that the Orders of this Court are not merely advisory but are to be strictly followed absent an order permitting otherwise. As the parties noted (Doc. 24, p. 1), the Court requires that "[l]ead counsel must meet *in person* and not by telephone absent an order permitting otherwise." (Doc. 5-2, p. 3) Nevertheless, the parties responded to the Court's Order to Show Cause (Doc. 23) by conferring telephonically without first seeking relief from the in-

person requirement (*see* Doc. 24, p. 2). They then filed a nonconforming Case Management Report contemporaneously with the motion for relief. (Docs. 24, 25). Court Orders, however, may not be stipulated around or modified by agreement of counsel. Parties seeking to deviate from outstanding Court Orders must seek relief first, not forgiveness later. Although the Court will grant the parties' requested relief, it expects full compliance with its Orders as this litigation progresses.

Additionally, the Court notes that the Parties attached to their Case Management Report a Stipulated Protective Order. (*See* Doc. 25-1.) The proposed order is intended to "govern all confidential and protected information produced" in this action. (*Id.* at 1.) As the Court has previously indicated, "The parties may reach their own agreement regarding the designation of materials as 'confidential.' There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements." (Doc. 5-2, p. 8.) Accordingly, the Court declines to issue the parties Stipulated Protective Order at this juncture and encourages the parties instead to enter into their own stipulated and signed confidentiality agreement. *See* Local Rule 4.15.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Court's Order to Show Cause (Doc. 23) is **DISCHARGED**.
2. The Joint Stipulated Motion for Relief from In-Person Requirement for Case Management Meeting (Doc. 24) is **GRANTED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 9, 2014.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record